**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ELEANYA UKEH ELEANYA, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:11-CR-0282-CAP-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:13-CV-0804-CAP-RGV |

**FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Eleanya Ukeh Eleanya's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 63]. For the following reasons, it is **RECOMMENDED** that Eleanya's § 2255 motion be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.[1]

**I. PROCEDURAL HISTORY**

A federal grand jury in the Northern District of Georgia returned a two-count indictment charging Eleanya in Count One with distributing at least one kilogram of

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

heroin, in violation of 21 U.S.C. §§ 841(a)(1)-(b)(1)(A)(ii), and in Count Two with importing heroin into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1)-(b)(1)(A). [Doc. 6]. Eleanya pleaded guilty to Count One, pursuant to a negotiated plea agreement in which the government agreed to dismiss any and all remaining counts. [Doc. 33-1 at 1, 3; Doc. 49].

The plea agreement included a limited waiver of appeal, which provides that Eleanya

> voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Eleanya] may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.

[Doc. 33-1 at 11]. This provision of the plea agreement further provides that Eleanya may file a cross appeal if the government appeals the sentence. [Id.]. Eleanya signed the plea agreement and a separate certification section, which states in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

[Id. at 12-13].

At the plea hearing, Eleanya confirmed under oath that, other than a multi vitamin, he had not consumed any narcotic drugs, medicine, pills, or alcoholic beverages within the past twenty-four hours. [Doc. 49 at 5-6]. Eleanya affirmed that he was fully satisfied with his attorney's representation and advice and that no one had forced him to plead guilty. [Id. at 7-8]. The Court explained to Eleanya the rights he was giving up in pleading guilty, and Eleanya stated that he understood and was willing to give up those rights. [Id. at 8-11]. The prosecutor and Eleanya's attorney reviewed the terms of the plea agreement, including the appeal waiver, and Eleanya agreed with their description. [Id. at 11-15]. Eleanya confirmed that he understood that the recommendations made in the plea agreement were merely recommendations, which the Court could reject, and that he could not later withdraw his plea if his sentence was more severe than he anticipated. [Id. at 15, 26]. Eleanya also affirmed that no one had promised him a particular sentence or anything not contained in the plea agreement. [Id. at 15-16]. Eleanya acknowledged that no one had threatened or forced him to plead guilty, and no one had threatened that further charges would be brought against him or that other adverse action would be taken against him if he did not plead guilty. [Id. at 16]. Eleanya further stated that no one had advised him not to tell the complete truth. [Id. at 17].

3

Next, the prosecutor described the elements of the offense and summarized what the evidence would show if the case went to trial. [Id. at 17-20]. Eleanya agreed with the facts as related by the prosecutor and his attorney, stated that he understood the elements of the offense as charged in the indictment, and admitted that he was guilty. [Id. at 20]. Specifically, Eleanya confirmed that he swallowed pellets containing heroin before taking an international flight, flew into the United States with those pellets in his body, and planned to take a bus leaving the Atlanta area, knowing that he could be arrested for these actions. [Id. at 20-21]. Eleanya stated that he did this in exchange for three thousand dollars. [Id. at 21].

Eleanya understood that he faced a possible maximum sentence of life imprisonment and that, if he did not qualify for the safety valve reduction, he also faced a mandatory minimum sentence of ten years of imprisonment. [Id. at 22]. Eleanya acknowledged that he had discussed the United States Sentencing Guidelines with his attorney and how they might apply in his case. [Id. at 23]. The Court explained that the guideline recommendation was only advisory so the Court could impose a sentence above or below that range. [Id. at 23-24]. The Court then reviewed the terms of the appeal waiver and its consequences, and Eleanya affirmed that he understood the effect of the waiver. [Id. at 24]. Eleanya confirmed that he had

4

sufficient time to consider and discuss the matter with his attorney before entering his plea and that he was satisfied with counsel's representation. [Id. at 26]. The Court accepted Eleanya's plea. [Id. at 28].

At the sentencing hearing, the Court granted Eleanya a safety valve reduction and then determined that Eleanya's guideline range was 63 to 78 months of imprisonment. [Doc. 50 at 16, 19]. The Court sentenced Eleanya at the low end of that range, 63 months of imprisonment. [Id. at 27; Doc. 40]. Eleanya filed a timely notice of appeal. [Doc. 44]. On August 6, 2012, the United States Court of Appeals for the Eleventh Circuit granted the government's motion to dismiss Eleanya's appeal due to the valid appeal waiver contained in his plea agreement. [Doc. 61]. On December 10, 2012, the United States Supreme Court denied Eleanya's petition for a writ of certiorari. [Doc. 62].

On March 11, 2013, Eleanya timely filed this pro se § 2255 motion. [Doc. 63]. As grounds for relief, Eleanya asserts that: (1) his attorney was ineffective for (a) failing to review the terms of the plea agreement with him before he entered his guilty plea, (b) promising him a forty-one month sentence, and (c) failing to argue at sentencing that he committed the offense due to "force, duress, and threat"; and (2) his sentence was unreasonable and violated his equal protection rights. [Id. at 1-3, 5-11].

5

## II.  DISCUSSION

**A.   General Standards**

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted).  An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case.  See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

6

### B.     Subsections (a) and (b) of Ground One: Validity of Plea

First, Eleanya claims that his guilty plea was involuntary because counsel (a) did not provide him a copy of the plea agreement or discuss its terms with him before he entered his guilty plea and (b) promised him a forty-one month sentence. [Doc. 63 at 1-2, 5-6]. Eleanya's challenges to the validity of his guilty plea based on ineffective assistance are not barred by his appeal waiver. Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007) (per curiam).  To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a § 2255 movant must show that the advice he received from counsel "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985) (citations omitted).  Eleanya has the burden of affirmatively proving prejudice. Gilreath v . Head, 234 F.3d 547, 551 (11th Cir. 2000).  Additionally,

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

7

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

In this case, both of Eleanya's assertions are belied by the record. During the plea hearing, Eleanya affirmed that he had sufficient time to consider and discuss the matter with his attorney before entering his plea and that he had reviewed the plea agreement with his attorney and understood its terms. [Doc. 49 at 3, 15, 26]. Counsel also stated that he had gone over the plea agreement with Eleanya prior to the hearing. [Id. at 2]. Moreover, Eleanya affirmed that no one had promised him a particular sentence or anything not contained in the plea agreement and that no one had advised him not to tell the complete truth. [Id. at 15-17]. Eleanya has not met his "heavy burden to show that his statements under oath were false." Patel, 252 F. App'x at 975 (citation omitted). Thus, Eleanya has not shown that counsel gave him incompetent advice.

Additionally, Eleanya does not allege that he would not have pleaded guilty absent counsel's allegedly deficient advice. Even if he had, such a bare allegation is insufficient to establish prejudice. United States v. Campbell, 778 F.2d 764, 768 (11th Cir. 1985), abrogated on other grounds, Padilla v. Kentucky, 130 S. Ct. 1473 (2010). There is nothing in the record to suggest that Eleanya would have considered going to

8

trial rather than pleading guilty had counsel's advice been different. Accordingly, Eleanya is not entitled to habeas relief on subsections (a) and (b) of ground one.

**C.     Subsection (c) of Ground One and Ground Two Barred by Appeal Waiver**

Eleanya also claims that counsel provided him ineffective assistance at sentencing and that the Court imposed an unreasonable sentence. [Doc. 63 at 1, 3, 6-11]. "It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005) (citation omitted). "[F]or a sentence-appeal waiver to be enforceable, '[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver.'" Id. (citation omitted). "[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes [a collateral attack upon] the sentence through a claim of ineffective assistance of counsel during sentencing." Id. at 1342.

The plea hearing transcript in this case reveals that Eleanya voluntarily pleaded guilty with a full understanding of the charges and the consequences. [See generally Doc. 49]. The Court specifically questioned Eleanya about the appeal waiver, and it

9

is clear that Eleanya understood the full significance of the waiver. [Id. at 24]. The undersigned finds that Eleanya knowingly and voluntarily waived his right to appeal his convictions and sentences and to pursue any other collateral post-conviction relief. The only exceptions to this waiver, i.e., a government appeal or a sentence that exceeds the guideline range as calculated by the Court, do not apply here. Moreover, the Eleventh Circuit found that Eleanya's appeal waiver was enforceable. [Doc. 61]. Eleanya may not relitigate in his § 2255 motion matters that were decided against him on direct appeal. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000). Thus, Eleanya is not entitled to relief on either subsection (c) of ground one or ground two. See Williams, 396 F.3d at 1342.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant

has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Based on the foregoing discussion of Eleanya's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

### IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 63], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 14th day of May, 2013.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

11

AO 72A
(Rev.8/82)